COFFEY, CARR & COFFEY, Respondents, v. THE CARL-BERG COMPANY, Appellant.

### (212 N. W. 496.)

(File No. 5930.   Opinion filed March 7, 1927.)

1. **Contracts—Consideration—On Issue Whether Contract to Secure Income Tax Refund Was Supported by Consideration, Evidence Held Not to Show that Plaintiffs Were Revenue Officers When Agreeing to Secure Refund.**

   On issue whether contract to secure refund of income tax was supported by consideration, evidence that plaintiffs had been revenue officers held insufficient to show that they were such when they agreed to audit defendant's books and secure refund on income tax on 50-50 basis, and that they knew excess would be returned to defendants anyway.

2. **Evidence—Witnesses—Cross-examination of Plaintiffs' Employee as to Knowledge of Defendant's Overpayment of Income Tax at Time Contract Was Made to Audit Books and Secure Refund Held Inadmissible.**

   In action for agreed compensation for auditing defendant's books and securing income tax refund, cross-examination of plaintiffs' employee as to whether he knew of defendant's overpayment and that refund would be made anyway, at time of making contract, held inadmissible on objection that it was incompetent, irrelevant, improper cross-examination, and called for conclusion.

**3.    Costs—Damages for Delay Occasioned by Appeal from Judgment by Which Plaintiffs Recovered Agreed Compensation for Securing Income Tax Refund Held Justified (Rev. Code 1919, § 2601, Subd. 5).**

Appeal from judgment by which plaintiffs recovered agreed compensation for auditing defendant's books and securing income tax refund held so trivial as to require application of Rev. Code 1919, § 2601, subd. 5, relative to damages for delay.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Contracts, Key-No. 90, 13 C. J. Sec. 977; **(2)** Evidence, Key-No. 471(11), 22 C. J. Sec. 588, Witnesses, Key-No. 268(2), 40 Cyc. 2493; **(3)** Costs, Key-No. 260(4), 15 C. J. Secs. 692, 693.

Appeal from Circuit Court, Roberts County; HON. J. J. BATTERTON, Judge.

Action by Coffey, Carr & Coffey against the Carlberg Company. From a judgment for plaintiffs and from an order denying new trial, defendant appeals. Affirmed, with directions.

*Jorgenson & Anderberg,* of Sisseton, for Appellant.
*Robert D. Jones,* of Milbank, for Respondents.

GATES, J.    Plaintiffs, a copartnership, were employed by defendant to audit defendant's books and to secure from the United States government a refund on its income tax paid for 1918. The terms of employment were that plaintiffs should be paid $150 for their services, or one-half of the recovery. After examining the books plaintiffs submitted to defendant an amended return for 1918, together with a claim for refund in the sum of $835.83, and stated in their letter of submission:

"You may send me your check for $150, or I will be glad to take the case on a 50-50 basis."

Replying thereto defendant wrote:

"You may take this claim on a 50-50 basis. Hope you get $400 for yourselves and same for us."

Thereafter defendant received from the federal government the amount of the claimed refund, but has not paid plaintiffs anything. From a judgment for plaintiffs for 50 per cent of the recovery and from an order denying new trial, defendant appeals.

[1]    Appellant's contention is that the two Coffeys in respondent firm were internal revenue officers at the time appellant made its original return; that they secured the information while they

were such officers; that the original return made by appellant was excessive; and that they knew the excess would be returned to appellant without their intervention, and, so knowing, it was fraudulent for them to secure the contract with appellant, and therefore that there was no consideration for the contract. But there is no evidence in the case justifying appellant's theory. The only evidence in the case in support of that theory is that the two Coffeys had been internal revenue officers at some time previously. That fact alone is far from justifying the theory above stated.

[2] When plaintiffs' employee, Mee, was on the witness stand he was asked a number of questions, to which objections were sustained, and then offers to prove were made by defendant. The following embraces the substance of all of them:

" 'The defendant now offers to prove by the witness on the stand, Mr. Mee, that at the time he called on the defendant herein and examined their income report for the year 1918 and made the deal with the said Carlberg Company to handle said matter on a 50-50 basis, that the witness knew that said overpayment made by the said Carlberg Company was then legally due the Carlberg Company from the Treasury Department of the United States and that it would be returned to said Carlberg Company without any effort or intervention or assistance from the plaintiffs, and that all the defendant had to do to receive the same was to wait until the Treasury Department had checked the report.'

"This was objected to as not within the issues of the case, wholly incompetent for any purpose, improper cross-examination, calling for a conclusion of the witness and stating the law, wholly irrelevant for any purpose."

We think the objection was properly sustained, but if it had been overruled it appears that the answer of Mee would have negatived the offer because he had previously testified:

"At the time I sent the report in I did not know that this money would be returned anyway."

Appellant's counsel conclude their brief with the following statement:

"The only question in this case is: Was there, under the facts shown in this case, any consideration whatever for the agreement made by the defendant to pay the plaintiffs one-half of any refund

he might get as would entitle the plaintiffs in this action to recovery?"

[3] We are of the opinion that the appeal in this case is so trivial as to call for the application of the provision in section 2601, Revised Code 1919, subd. 5, relative to damages for delay.

The judgment and order appealed from are affirmed, and the clerk of this court is directed to tax as a part of the costs in respondents' favor the sum of $44.72, that being the 10 per cent of the amount of the judgment.

CAMPBELL, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.